```
Gregory J. Wood (200780)
WOOD ROBBINS, LLP
One Post Street, Suite 800
San Francisco, CA 94104
T: 415-247-7900
F: 415-247-7901
Email: gwood@woodrobbins.com

Attorneys for Defendants
FOX ORTEGA ENTERPRISES d/b/a/
PREMIER CRU
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT NILSSON,<br><br>        Plaintiff,<br><br>  v.<br><br>FOX ORTEGA ENTERPRISES d/b/a<br>PREMIER CRU, and DOES 1-10 inclusive,<br><br>        Defendants. | Case No. 3:15-cv-04956 EDL<br><br>**DEFENDANTS' ANSWER TO**<br>**PLAINTIFF'S COMPLAINT** |

COMES NOW Defendants FOX ORTEGA ENTERPRISES d/b/a/ PREMIER CRU ("Defendants") answering Plaintiff ROBERT NILSSON'S ("Nilsson's") Complaint in accordance with the numbered paragraphs herein:

1. Responding to Paragraph 1 of the Complaint, Defendants admit its website said "We source the world's finest wines at extremely competitive prices to provide exceptional experiences for collectors, connoisseurs, and everyday wine lovers." As to the remaining allegations in Paragraph 1, Defendants deny the allegations set forth therein.

2. Responding to Paragraph 2, Defendants lack sufficient information or knowledge to form a belief as to the truth of this paragraph, and therefore denies the allegation set forth therein.

3. Responding to Paragraph 3, Defendants admit the allegation contained therein.

4. Responding to Paragraph 4, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and therefore deny the allegations set forth therein.

5. Responding to Paragraph 5, Defendants admit the allegations contained therein.

6. Responding to Paragraph 6, Defendants admit the allegation contained therein.

7. Responding to Paragraph 7, Defendants admit the allegations contained therein.

8. Responding to Paragraph 8, Defendants admit the allegations contained therein.

9. Responding to Paragraph 9, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and therefore deny those allegations set forth therein.

10. Responding to Paragraph 10, Defendants admit the allegations contained therein.

11. Responding to Paragraph 11, Defendants admit the allegations contained therein.

12. Responding to Paragraph 12, Defendants admit the allegations contained therein.

13. Responding to Paragraph 13, Defendant admits that some of the bottles ordered by Nilsson in 2013 have not been delivered yet. Defendant denies that none of the bottles ordered by Plaintiff in 2013 have been delivered.

14. Responding to Paragraph 14, Defendant admits that some of the bottles ordered by Nilsson in 2014 have not been delivered yet. Defendant denies that none of the bottles ordered by Plaintiff in 2014 have been delivered.

15. Responding to Paragraph 15, Defendants admit the allegations contained therein.

16. Responding to Paragraph 16, Defendants admit the allegations contained therein.

17. Responding to Paragraph 17, Defendants deny the allegations contained therein more than 290 bottles of wine have been delivered to Nilsson according to Defendants' records.

18. Responding to Paragraph 18, Defendants admit the allegations contained therein.

19. Responding to Paragraph 19, Defendants admit the allegations contained therein.

20. Responding to Paragraph 20, Defendants admit the allegations contained therein.

21. Responding to Paragraph 21, Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Par. 21 of the Complaint and therefore deny the allegation set forth therein.

22. Responding to Paragraph 22, Defendants admit the allegations contained therein.

23. Responding to Paragraph 23, Defendants admit the allegations contained therein.

24. Responding to Paragraph 24, Defendants admit the allegations contained therein.

25. Responding to Paragraph 25, Defendants admit the allegations contained therein.

26. Responding to Paragraph 26, Defendants admit the allegations contained therein.

27. Responding to Paragraph 27, Defendants admit the allegations contained therein.

28. Responding to Paragraph 28, Defendants admit the allegations contained therein.

29. Responding to Paragraph 29, Defendants admit the allegations contained therein.

30. Responding to Paragraph 30, Defendants admit the allegations contained therein.

31. Responding to Paragraph 31, Defendants admit the allegations contained therein.

32. Responding to Paragraph 32, Defendants admit the allegations contained therein.

33. Responding to Paragraph 33, Defendants lack sufficient information or knowledge as to who, if anyone, at Premier Cru Plaintiff said this to, thus lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Par. 33 of the Complaint, and therefore deny the allegations contained therein.

34. Responding to Paragraph 34, Defendants lack sufficient information or knowledge as to who, if anyone, at Premier Cru Plaintiff sent the referenced August 15, 2015 email, thus lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Par. 34 of the Complaint, and therefore deny the allegations contained therein.

35. Responding to Paragraph 35, Defendants admit that a summary of Nilsson's Order history is attached as Exhibit A to the Complaint.

36. Responding to Paragraph 36, Defendants admit that summary of Shipment Details, through October 1, 2015, is attached as Exhibit B to the Complaint.

37. Responding to Paragraph 37, Defendants admit the allegation contained therein.

38. Responding to Paragraph 38, Defendants admit that "Under California Commercial Code section 2309(1), 'the time for shipment or delivery or any other action under a contract if not provided in this division or agreed upon shall be a reasonable time.'"

39. Responding to Paragraph 39, Defendants admit the allegation contained therein.

40. Responding to Paragraph 40, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Par. 40 and therefore deny the allegations set forth in Paragraph 40.

41. Responding to Paragraph 41, Defendants lack sufficient information or knowledge to form a belief as to what Nilsson considers "reasonable amount of time" and what Nilsson would have done had he known his wine orders would not be fulfilled "with a reasonable amount of time, and therefore deny the allegations as set forth in Par. 41.

42. Responding to Paragraph 42, Defendants lack sufficient information or knowledge to form a belief as to Nilsson's definition of "reasonable amount of time," or as to Nilsson's state of mind or beliefs, and therefore deny the allegations set forth in Paragraph 42.

43. Responding to Paragraph 43, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Par. 43, and on that basis deny the allegations therein.

44. Responding to Paragraph 44, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Par. 44, and on that basis deny the allegations therein.

45. Responding to Paragraph 45, Defendants deny the allegations contained therein.

46. Responding to Paragraph 46, Defendants admit that "All previous paragraphs are incorporated herein by reference."

47. Responding to Paragraph 47, Defendants deny the allegations contained therein.

48. Responding to Paragraph 48, Defendants deny the allegations contained therein.

49. Responding to Paragraph 49, Defendants deny the allegations contained therein.

50. Responding to Paragraph 50, Defendants deny the allegations contained therein.

51. Responding to Paragraph 51, Defendants deny the allegations contained therein.

52. Responding to Paragraph 52, Defendants deny the allegations contained therein.

53. Responding to Paragraph 53, Defendants admit the allegation that Nilsson requested a refund and that Premier Cru agreed to send a refund. Defendant denies that "Premier Cru's assurance in emails to Nilsson and on its website that customers (including, in particular, Nilsson) will, upon request, receive refunds on undelivered bottles were false." Defendants lack

sufficient information or knowledge as to form a belief as to the truth of the statement that "If Nilsson had known Premier Cru's actual intentions, he would never have sent Premier Cru money," and on that basis deny them.

54. Responding to Paragraph 54, Defendants deny this allegation in part, in that Premier Cru is and will continue taking best efforts to abide by its promise to deliver Nilsson's wines or issue a refund.

55. Responding to Paragraph 55, Defendants deny this allegation in part, in that Premier Cru is and will continue taking best efforts to abide by its promise to deliver Nilsson's wines or issue a refund.

56. Responding to Paragraph 56, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint and therefore deny the allegations set forth therein.

57. Responding to Paragraph 57, Defendants deny the allegations contained therein.

58. Responding to Paragraph 58, Defendants admit that the statement in Par. 58 of the Complaint reads as follows, "Nilsson alleges the following in the alternative to the First Claim for Relief."

59. Responding to Paragraph 59, Defendants admit that "All previous paragraphs are incorporated herein by reference."

60. Responding to Paragraph 60, Defendants deny the allegations contained therein.

61. Responding to Paragraph 61, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Par. 61 and on that basis deny the allegations contained therein.

62. Responding to Paragraph 62, Defendants admit that "Nilsson sent money to Premier Cru" and deny the rest of the sentence.

63. Responding to Paragraph 63, Defendants lack sufficient information or knowledge to forma belief as to the truth of the allegations contained in Par. 63, and on that basis deny the allegations contained therein.

64.     Responding to Paragraph 64, Defendants lack sufficient information or knowledge to forma belief as to the truth of the allegations contained in Par. 64, and on that basis deny the allegations contained therein.

65.     Responding to Paragraph 65, Defendants deny the allegations contained therein.

66.     Responding to Paragraph 66, Defendants lack sufficient information or knowledge to forma belief as to the truth of the allegations contained in Par. 66, and on that basis deny the allegations contained therein.

67.     Responding to Paragraph 67, Defendants admit only that that "All previous paragraphs are incorporated herein by reference."

68.     Responding to Paragraph 68, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Par. 68, and on that basis deny the allegations contained therein.

69.     Responding to Paragraph 69, Defendants admit the allegations contained therein.

70.     Responding to Paragraph 70, Defendants deny the allegations contained therein.

71.     Responding to Paragraph 71, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Par. 71, and on that basis deny the allegations contained therein.

72.     Responding to Paragraph 72, Defendants admit only that that "All previous paragraphs are incorporated herein by reference."

73.     Responding to Paragraph 73, Defendants admit the allegations contained therein.

74.     Responding to Paragraph 74, Defendants admit the allegations contained therein.

75.     Responding to Paragraph 75, Defendants deny the allegations contained therein.

76.     Responding to Paragraph 76, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Par. 76, and on that basis deny the allegations contained therein.

77.     Responding to Paragraph 77, Defendants admit only that Par. 77 states "Plaintiff alleges the following in the alternative to the Third Claim for Relief."

78.     Responding to Paragraph 78, Defendants admit only that Par. 78 provides "All previous paragraphs are incorporated herein by reference."

79. Responding to Paragraph 79, Defendants deny the allegations contained therein.

80. Responding to Paragraph 80, Defendants deny the allegations contained therein.

81. Responding to Paragraph 81, Defendants deny the allegations contained therein.

82. Responding to Paragraph 82, Defendants only admit that Par. 82 says that "With the service of this Complaint, Nilsson hereby demands rescission of the sale of approximately 1,852 bottles of wine from Premier Cru, and actual, incidental, and consequential, damages."

83. Responding to Paragraph 83, Defendants admit only that "All previous paragraphs are incorporated herein by reference."

84. Responding to Paragraph 84, Defendants admit the allegations contained therein.

85. Responding to Paragraph 85, Defendants deny the allegations contained therein.

86. Responding to Paragraph 86, Defendants deny the allegations contained therein.

87. Responding to Paragraph 87, Defendants admit the allegations contained therein.

88. Responding to Paragraph 88, Defendants admit the allegations contained therein.

89. Responding to Paragraph 89, Defendants admit only that that "Nilsson demands restitution, injunctive relief, and all other relief available under Bus. & Prof. Code Sect. 17200 et seq."

90. Responding to Paragraph 90, Defendants admit only that "All previous paragraphs are incorporated herein by reference."

91. Responding to Paragraph 91, Defendants deny the allegations contained therein.

92. Responding to Paragraph 92, Defendants deny the allegations contained therein.

93. Responding to Paragraph 93, Defendants deny the allegations contained therein.

94. Responding to Paragraph 94, Defendants deny the allegations contained therein.

95. Responding to Paragraph 95, Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Par. 95 and on that basis deny the allegations therein.

96. Responding to Paragraph 96, Defendants only admit that Par. 96 states "Premier Cru should be required to account for and disgorge all monies, profits, and gains which it has obtained at the expense of Nilsson."

## AFFIRMATIVE DEFENSES

Defendants allege the following as further and separate affirmative defenses to Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE

1. Defendants allege that the Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

2. Defendants are informed and believe and thereon allege that the Complaint, and each cause of action therein, is barred by the applicable statute of limitations stated in Part Two, Title II, Chapter 3, of the Code of Civil Procedure, including, but not limited to, sections 337, 337(1), 337(2), 337(3), 337a, 338(a), 338(c), 338(d), 339, 339(1), 339(3), and 343.

### THIRD AFFIRMATIVE DEFENSE

3. Defendants are informed and believe and thereon allege that Plaintiff was negligent and/or careless in and about the matters alleged in the Complaint, and to the extent said negligence and/or carelessness caused and/or contributed to injuries and/or damages, if any, Plaintiff's recovery should be barred or proportionately reduced.

### FOURTH AFFIRMATIVE DEFENSE

4. Defendants are informed and believe and thereon allege that other persons were careless and/or negligent, and/or committed intentional acts, and that this carelessness and negligence or these intentional acts proximately contributed to the happening of the incidents referred to in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

5. Defendants allege, upon information and belief, that other persons or entities and each of them, named and unnamed in the Complaint were guilty of negligence, or other acts or omissions in the matters set forth in the Complaint, which proximately caused or contributed to the damages or loss complained of, if any, and that Defendants are liable, if at all, only for the amount of non-economic damages allocated to fault, and that the court is requested to determine

and allocate the percentage of negligence attributable to each of the other persons or entities at fault.

### SIXTH AFFIRMATIVE DEFENSE

6. Defendants allege that the Complaint, and each cause of action contained therein, is barred, in whole or in part, because Plaintiff's actions constituted a full release by Plaintiff of any and all claims which they may have had against Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

7. Defendants allege that the Complaint, and each cause of action contained therein, is barred, in whole or in part, because Plaintiff, by his acts, conduct and/or omissions, has ratified, consented to and approved the acts, conduct and omissions, if any, of Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

8. Defendants are informed and believe and thereon allege that Plaintiff failed and neglected to use reasonable care to protect himself and to mitigate and/or minimize the losses and damages complained of, if any there were.

### NINTH AFFIRMATIVE DEFENSE

9. Defendants allege that the Complaint, and each cause of action contained therein, is barred, in whole or in part, by the doctrine of collateral estoppel, res judicata, and/or retraxit.

### TENTH AFFIRMATIVE DEFENSE

10. Defendants allege that the Complaint, and each cause of action contained therein, is barred, in whole or in part, by the doctrine of laches.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Defendants allege that the Complaint, and each cause of action contained therein, is barred, in whole or in part, by the doctrine of waiver.

### TWELFTH AFFIRMATIVE DEFENSE

12. Defendants allege that the Complaint, and each cause of action contained therein, is barred, in whole or in part, by the doctrine of estoppel due to Plaintiff's own acts or omissions.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Defendants allege that the Complaint, and each cause of action contained therein, is barred, in whole or in part, by the doctrine of unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Defendants allege that the Complaint, and each cause of action contained therein, is barred, in whole or in part, due to Plaintiff's failure to exhaust administrative and/or judicial remedies.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Defendants allege that the Complaint, and each cause of action contained therein, is barred, in whole or in part, by the statute of frauds.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Defendants allege that Plaintiff is not entitled to injunction relief under California Code of Civil Procedure section 526. Plaintiff's claim for injunctive or other equitable relief is also barred because Plaintiff has an adequate remedy at law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Defendants allege that Plaintiff is not entitled to punitive damages because none of the Defendants engaged in oppressive, fraudulent, or malicious conduct towards Plaintiff. Cal. Civ. Code Sect. 3294. Punitive damages are not available for breach of contract.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Defendants allege that Defendants' actions were based on good, sufficient, and legal cause, upon reasonable grounds for belief in their justification, and were taken in good faith and without malice.

### TWENTIETH AFFIRMATIVE DEFENSE

20. Defendants allege that Plaintiff has failed to state facts or statutory authority sufficient to entitle them to recover attorneys' fees. Plaintiff is not entitled to attorneys' fees under any statute.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Defendants allege that they currently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses

available. Defendants have not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to amend this Answer and assert additional affirmative defenses to supplement, alter, or change the Answer and defenses upon revelation of more definitive facts, and upon undertaking of discovery and investigation in this matter.

WHEREFORE, Defendants pray as follows:

1. That Plaintiff take nothing from Defendants by this Complaint;
2. That Defendants be awarded judgment in this action;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court deems proper.

Dated: November 24, 2015　　　　　　　　WOOD ROBBINS, LLP

By: */s/ Gregory J. Wood*
GREGORY J. WOOD
WOOD ROBBINS, LLP
Attorney for Defendants
FOX ORTEGA ENTERPRISES d/b/a/
PREMIER CRU